73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James E. CAMPBELL, Defendant-Appellant.
 No. 95-5856.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1995.
 
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 James E. Campbell, a pro se federal prisoner, presents one of the classic examples of how good intentions, the Federal Sentencing Guidelines, and reality have gone awry. Campbell was sentenced on April 18, 1990, in the United States District Court for the Middle District of Tennessee to a term of 293 months of incarceration. His potential release date is approximately 2014. On the day of his release, Campbell faces an additional eight years of supervised release for his various crimes involving the distribution of cocaine.
 
 
 2
 Campbell's original conviction was appealed to this court. In an unpublished opinion filed on October 31, 1991, we affirmed his conviction. In our affirmance, we mentioned that Campbell had been fined $100,000.00. No additional mention of the fine was made in our opinion. At sentencing, the district court made a statement to the effect that the fine was imposed because of the court's previous finding that Campbell possessed the financial ability to pay this fine. Regrettably, and somewhat belatedly, subsequent events have proven that statement to be untrue.
 
 
 3
 The evidence that was advanced by Campbell's pre-sentence report was based upon erroneous information. The report stated that Campbell possessed $55,000.00 worth of equity in property described as the Rosebank property and $58,000.00 worth of equity in property identified as the Forest Avenue property. Unbeknownst to the district court, the equity in the Rosebank property had been seized and forfeited to the United States. Further, Campbell had no interest in the Forest Avenue property, that interest was originally held by Campbell's wife and children. Little was said about the fine in Campbell's original appeal and the question of the fine did not arise again until a letter was sent by the warden of the penitentiary where Campbell is incarcerated. Unbeknownst to Campbell, this letter suggested that Campbell would be placed within something referred to as "the inmate financial responsibility program." This program allows inmates to pay fines through a work program conducted by the Federal Bureau of Prisons. Campbell had requested that he not be placed in such a program. Further, the district court had ordered that interest was not to accrue on Campbell's fine until after Campbell's release from custody.
 
 
 4
 Contrary to Campbell's objections and the district court's order, Campbell was placed within the financial program and, within less than three years, $42,000.00 worth of interest had been added to Campbell's original fine. Thus, Campbell's original fine has a balance of approximately $142,000.00. At the government's rate of interest, which mimics that of a credit card, Campbell's fine will exceed $1,000,000.00 at the time of his schedule release. This is absurd.
 
 
 5
 This is a classic case where there is a loss of common sense in the application of a statute. Campbell is clearly entitled to some relief. In order to provide that relief, the judgment of the district court is vacated and the case is remanded to the district court for an evidentiary hearing where Campbell is represented by counsel. The district court's inquiry should relate to the forfeiture of the real estate and the validity of the district court's determination of Campbell's financial ability at the original sentencing hearing. It is within the province of the district court to correct this error and to permanently correct Campbell's records so that any fine imposed upon Campbell does not become so onerous as to result in Campbell's permanent incarceration in a virtual debtor's prison. The judgment of the district court is REVERSED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation